UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK LOWDEN AND CHRISTI LOWDEN,

Plaintiff,

v.

MAGGIE MILLER-STOUT, *et al.*

Defendants.

Case No. 08-5365 BHS/KLS

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiffs' motion for appointment of counsel. (Dkt. # 9). Having carefully reviewed Plaintiffs' motion, Defendants' response (Dkt. # 10), and the balance of the record, the Court finds, for the reasons stated below, that Plaintiffs' motion should be denied.

## I. DISCUSSION

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to

ORDER - 1

articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d). *Id*.

Plaintiffs have demonstrated an adequate ability to articulate their claims *pro se* and have not demonstrated that the issues involved in this case are complex or that they have had any difficulties in expressing them. Plaintiffs are articulate and bring their claims in a very clear and organized manner. While Plaintiffs may not have vast resources or legal training, they meet the threshold for a pro se litigant. Plaintiffs' concerns regarding investigation and discovery, an absence of legal training and limited access to legal materials are not exceptional factors, but are the type of difficulties encountered by many pro se litigants. Further, there are numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process.

Plaintiffs also state that there is a likelihood of success on the merits, however, they have not provided any information to support this contention other than to state generally that their allegations as stated in their complaint establishes a violation of their right to equal protection under the law and their belief that discovery will confirm an exception to the prison policy at issue and possibly others. This is not sufficient to carry the burden under this prong. *See, e.g.*, *Wilborn*, 789 F.2d at 1331. Accordingly, the Court finds that counsel is not necessary in this case.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. # 9) is **DENIED**.

The Clerk is directed to send copies of this Order to both Plaintiffs and counsel for Defendants.

DATED this  25th  day of July, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2