UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK LOWDEN and CHRISTI LOWDEN,

    Plaintiff,

v.

MAGGIE MILLER-STOUT, *et al.*,

    Defendants.

Case No. C08-5365 BHS/KLS

ORDER DENYING PLAINTIFFS' MOTION TO REMAND

Before the Court is Plaintiffs' motion to remand (Dkt. # 5), Defendants' response (Dkt. # 7), and Plaintiff's reply (Dkt. # 8). Having carefully reviewed Plaintiff's motion, the Court finds that it should be denied.

**DISCUSSION**

For federal jurisdiction to exist under 28 U.S.C. § 1331, the federal question must appear on the face of the complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). It is the nature of the cause of action that is controlling. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 n. 3 (9th Cir. 1996).

On or about May 28, 2008, Plaintiffs filed their Complaint in Thurston County Superior Court alleging that Defendants Maggie Miller-Stout, Eldon Vail and the Washington State

ORDER - 1

Department of Corrections violated their Fourteenth Amendment rights under the United States Constitution and Washington state law, by denying them the opportunity to participate in the Department of Corrections' Extended Family Visiting program. (Dkt. # 1, Exh. 3, p. 11). Plaintiffs also cite to the federal statute, 42 U.S.C. § 1983, as the authority for their claims. (Dkt. # 1, Exh. 3, p. 11; Dkt. # 4, pp. 1-2).

On June 6, 2008, Defendants removed this case within thirty (30) days of receipt of Plaintiff's Complaint, pursuant to 28 U.S.C. § 1446. (Dkt. # 1).

28 U.S.C. §1441(a), governing removal of suits presenting federal questions to a district court with original jurisdiction, provides in relevant part that, " . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Whether removal is appropriate is determined at the time of the petition for removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).

Thus, this court has original jurisdiction over Plaintiffs' § 1983 equal protection claim and removal is appropriate under Section 1331.

According, it is **ORDERED** that Plaintiffs' motion to remand (Dkt. # 4) is **DENIED.**

The Clerk of Court is directed to send a copy of this Order to both Plaintiffs and to counsel for Defendants.

DATED this 25th day of July, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2