UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK LOWDEN and CHRISTI LOWDEN,

  Plaintiffs,

 v.

MAGGIE MILLER-STOUT, *et al.*,

  Defendants.

Case No. C08-5365 BHS/KLS

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

 Before the Court is Plaintiffs' motion for reconsideration of the Court's previous Order (Dkt. # 14) denying Plaintiffs' motion for counsel. Dkt. # 25. Having carefully reviewed Plaintiffs' motion, the Court finds that it should be denied.

## DISCUSSION

 Motions for reconsideration are disfavored and will ordinarily be denied in the "absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence." Local Rule CR 7(h)(1).

 Plaintiffs argue that they have successfully met the "likelihood of success on the merits" prong based on the decision in *Daniel v. Rolfs*, 29 F.2d 1182 (E.D.Wash. 1998). Plaintiffs also argue

ORDER - 1

that the appointment of counsel is warranted to avoid undue prejudice because they have requested a jury trial and to oppose the defense of qualified immunity. *Id*. Plaintiffs submit again that they are not trained in the law.

Finally, Plaintiffs complain that their reply to Defendants' response to their motion for the appointment of counsel dated July 23, 2008 was not considered by the Court prior to its entry denying their motion because it was received after the motion noting date due to delays in the prison mailing system. Dkt. # 16. In their reply, Plaintiffs argued that counsel was necessary because they have requested a jury trial and because this case was removed from state court and Defendants have raised issues of jurisdiction and qualified immunity. *Id*., p. 2.

These are not new facts or legal arguments. The Court previously addressed these arguments and found that these grounds were insufficient to warrant the appointment of counsel. Dkt. # 14. In their Complaint, Plaintiffs allege that denial of their extended family visit (EFV) application under DOC Policy 590.100 based on the fact that they were married post-conviction violates their right to equal protection. (Dkt. # 1-3, p. 11). The Court noted that Plaintiffs have demonstrated an adequate ability to articulate their claims *pro se* and have not demonstrated that the issues involved in this case are complex or that they have had any difficulties in expressing them. Plaintiffs are articulate and bring their claims in a very clear and organized manner. While Plaintiffs may not have vast resources or legal training, they meet the threshold for a pro se litigant. Plaintiffs' concerns regarding investigation and discovery, an absence of legal training and limited access to legal materials are not exceptional factors, but are the type of difficulties encountered by many pro se litigants.

Plaintiffs assert that they have met their burden of showing a likelihood of success on the merits because, as in the *Daniel* case, there is a disparate treatment of two classes of inmates based solely on a nonarbitrary date. Dkt. # 25, p. 7. However, stating generally that the allegations in their complaint establish a violation of their right to equal protection under the law or that an

ORDER - 2

interpretation of *Daniel* confirms an exception to the prison policy at issue is insufficient to satisfy this prong. A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d). *Id*.

There is nothing in Plaintiffs' reply or in their motion for reconsideration to change the Court's analysis. Plaintiffs have identified no error in this Court's Order, nor presented any new facts or legal authority that suggest reconsideration is appropriate.

Accordingly, Plaintiffs' motion for reconsideration (Dkt. # 25) is **DENIED**.

DATED this  25th   day of September, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3