1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12

PATRICK N. LOWDEN and CHRISTI
LOWDEN,

                    Plaintiff,

Case No.   C08-5365 BHS/KLS

13
14
15

vs.

MAGGIE MILLER-STOUT, et al,

                    Defendant.

REVISED ORDER (DKT #22)
RENOTING MOTION TO
DISMISS AS A MOTION FOR
SUMMARY JUDGMENT

16
17
18
19
20

        In accordance with Federal Rule of Civil Procedure 12(d),  please be advised that Defendants' motion
to Dismiss (Dkt. 3) shall be treated as a motion for summary judgment, Plaintiffs are further advised as
follows:

21

        A motion for summary judgment under Rule 56 of the Federal Rules
of Civil Procedure will, if granted, end your case.

22
23
24
25
26

        Rule 56 tells you what you must do in order to oppose a motion for summary
judgment.  Generally, summary judgment must be granted when there is no genuine
issue of material fact – that is, if there is no real dispute about any fact that would
affect the result of your case, the party who asked for summary judgment is entitled
to judgment as a matter of law, which will end your case.  When a party you are
suing makes a motion for summary judgment that is properly supported by
declarations (or other sworn testimony), you cannot simply rely on what your
complaint says.  Instead, **you must set out specific facts in declarations,
deposition, answers to interrogatories, or authenticated documents, as provided**

27
28

ORDER - 1

**in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland,* 154 F.3d 952, 962-963 (9th Cir. 1998) (emphasis added).

Furthermore, Local Rule CR 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

In light of the fact that the Plaintiff filed materials which required this Court to convert the Defendants' Motion to Dismiss into a Motion for Summary Judgment, the Defendants should be provided with an opportunity to file a response to the Plaintiffs' new materials. The Plaintiffs can then file a reply and the Defendants a final response.

As Defendants' motion to dismiss has been converted, the Court directs that they shall serve an answer to Plaintiff's complaint.

Accordingly, it is **ORDERED:**

(1) Defendants shall serve an answer to Plaintiffs' complaint within **twenty (20) days** from the date of this Order;

(2) Defendants' Motion to Dismiss (Dkt. #3) shall be **RENOTED as a Motion for Summary Judgment** for **November 7, 2008;**

(3) Defendants' response shall be due on **October 24, 2008;** Plaintiffs' reply, if any, shall be due on **November 3, 2008;** and Defendants' final response shall be due **November 7, 2008;**

(4) The Clerk of the Court is directed to send copies of this Order to counsel of record and to both Plaintiffs.

DATED this 30th day of September, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2